19-1510 (L)
Rivera-Lopez v. Garland

BIA
A200 814 696

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

LUCILA DEL CARMEN RIVERA-LOPEZ,
> *Petitioner*,

v.                                            19-1510 (L),
                                              19-4347 (Con)
                                              NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Daniel G. Anna, Esq., Anna & Anna, P.C., Media, PA.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Cindy S. Ferrier,

Assistant Director; Joseph A. O'Connell, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions are DENIED.

Petitioner Lucila Del Carmen Rivera-Lopez, a native and citizen of El Salvador, seeks review of April 23, 2019, and November 29, 2019, BIA decisions denying her motions to reopen. *In re Lucila Del Carmen Rivera-Lopez*, No. A200 814 696 (B.I.A. Apr. 23, 2019 & Nov. 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's denial of a motion to reopen for abuse of discretion but review any finding regarding changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an

2

arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

An alien seeking to reopen proceedings to apply for new relief may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Rivera-Lopez's July 2018 and May 2019 motions to reopen were untimely because she filed them more than 90 days after the BIA's June 2015 decision affirming her removal order.

However, there are exceptions to the filing deadline. A showing of ineffective assistance of counsel may equitably toll the filing period. *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). Moreover, the time and number limitations do not apply if reopening is sought to apply for asylum and the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C.

§ 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not abuse its discretion in declining to reopen based on these two exceptions.

First, Rivera-Lopez did not file a complaint against her former attorney and thus failed to comply with the procedural requirements for an ineffective assistance claim set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). "[A]n alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005). Because this lack of compliance is dispositive, we do not reach the BIA's alternate conclusions that Rivera-Lopez did not show prejudice or due diligence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Second, the BIA did not abuse its discretion in declining to reopen based on changed country conditions. "In

4

determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). Rivera-Lopez argued that she merited reopening because gang members had been threatening her and her partner—a former police officer—since 2005, and she had received threats recently. The BIA reasonably concluded that this evidence, which showed a continuation of conditions since before Rivera-Lopez's removal proceedings began in 2010, did not reflect a material change in conditions that would warrant reopening. *See id.*

To the extent that Rivera-Lopez argues that conditions have worsened for family members of former police officers, her briefs to the BIA and this Court discuss only more recent events and do not make the necessary comparison to conditions before her 2014 removal order. *See id.* at 253, 257. Moreover, the evidence in the record does not reflect a material change but rather reflects a continuation of the gang violence she testified to at her 2014 hearing. Because

5

a showing of changed conditions is necessary to excuse the untimely filing, we do not reach the BIA's alternative determination that Rivera-Lopez did not establish her prima facie eligibility for asylum, withholding of removal, and protection under the Convention Against Torture.

Rivera-Lopez's remaining arguments fail. She did not exhaust her argument that her partner's failure to timely disclose the gang's threats against him was an exceptional circumstance warranting reopening. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117–25 (2d Cir. 2007) (holding that we generally require petitioner to exhaust all issues before the BIA). Her challenge to the underlying adverse credibility determination is not properly before us. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (noting that we are precluded from reviewing the underlying merits of an asylum claim on a motion to reopen). In sum, the BIA did not abuse its discretion by denying the motions as untimely because Rivera-Lopez did not satisfy the procedural requirements for an ineffective assistance of counsel claim or demonstrate a material change in conditions in El Salvador. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); *Jian Yun Zheng*, 409 F.3d

6

at 47.

For the foregoing reasons, the petitions for review are DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7